## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DERRICK BROWN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-20-0484-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: April 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carl R. Hudson, Atlanta, Georgia, for the appellant.

Earl L. Cotton, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a preference-eligible Mail Processing Clerk for the agency's North Metro Georgia Processing and Distribution Center. Initial Appeal File (IAF), Tab 4 at 62. In December 2018, the appellant fell ill with a non-compensable medical condition that grew progressively worse until he was forced to take extended leave. IAF, Tab 17, Hearing Recording, Track 1 at 48:20 (testimony of the appellant). The appellant's last day in duty status was January 31, 2019. IAF, Tab 4 at 65-67.

On September 4, 2019, the appellant informed the agency that he would be able to return to work the following week, albeit with significant restrictions and on a part-time basis. *Id.* at 44, 61. The agency referred the appellant's case to the District Reasonable Accommodation Committee (DRAC), which sent him a letter on October 28, 2019, requesting additional information. *Id.* at 59-60. The appellant forwarded the requested information, and on December 3, 2019, the appellant met with the DRAC to discuss his situation. *Id.* at 48. On December 10, 2019, the DRAC denied the appellant's request for a reasonable accommodation on the basis that he was unable to perform the essential functions

of a Mail Processing Clerk or of any vacant funded position, with or without reasonable accommodations. *Id.* at 45-47.

On December 20, 2019, the appellant filed a request for reconsideration, clarifying that he was not necessarily seeking a reasonable accommodation but was interested in a light duty assignment. *Id.* at 39-40. On January 3, 2020, the DRAC denied the appellant's request for reconsideration. *Id.* at 38. The denial letter did not specifically address the availability of light duty assignments, but it indicated that the DRAC had searched for vacant funded positions within a 50-mile radius and was unable to identify one for which the appellant could perform the essential functions, even with accommodation. *Id.* On February 12, 2020, the appellant submitted another request for reconsideration based on lesser medical restrictions. *Id.* at 29-30. On March 2, 2020, the DRAC denied his request. *Id.* at 27-28.

The appellant filed the instant Board appeal, alleging that the agency constructively suspended him beginning January 3, 2020, and raising a claim of disability discrimination.[2] IAF, Tab 1 at 4. The administrative judge fully apprised the appellant of his burden of proving jurisdiction over the appeal and of his burden of proving disability discrimination and the possible methods for doing so. IAF, Tab 14.

After a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID). He found that the appellant's absence from work was involuntary but that it was not the result of any improper agency action. ID at 6-7. Specifically, he found that the agency did not deny the appellant a reasonable accommodation because the appellant was unable to perform the essential functions of a Mail Processing

---

[2] The appellant did not file his appeal until April 29, 2020. IAF, Tab 1. The administrative judge issued an order notifying the appellant that his appeal appeared to be untimely, apprising him of the Board's timeliness and good cause standards, and ordering the parties to file evidence and argument on the issue. IAF, Tab 7. Ultimately, the administrative judge declined to reach the timeliness issue in light of the jurisdictional dismissal. IAF, Tab 21, Initial Decision at 14.

Clerk or of any other vacant funded position. ID at 7-10. The administrative judge also found that the agency did not improperly deny the appellant's request for a light duty assignment because there was no such assignment available within the appellant's medical restrictions during the relevant time period. ID at 10-14. The administrative judge also considered whether the agency might have constructively suspended the appellant by placing him in leave without pay status rather than charging the paid leave that he had on his balance. However, he concluded that, even if the agency had acted improperly in this regard, the appellant's accumulated and donated leave was less than the 14 days needed for an appealable constructive suspension. ID at 14 & n.8.

The appellant has filed a petition for review, disputing the outcome of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

When an employee voluntarily takes a leave of absence and later requests to return to duty, but the agency denies the request, the Board may have jurisdiction over the matter as a constructive suspension. *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014). To establish jurisdiction over such an appeal, the appellant must prove, among other things, that (1) he lacked a meaningful choice in his absence; and (2) it was the agency's wrongful actions that deprived him of that choice. *Id.*; *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). In this case, the administrative judge found that the appellant lacked any meaningful choice but to be absent from his position. ID at 6-7. We agree with this finding, and neither party challenges it on review. *See Romero*, 121 M.S.P.R. 606, ¶ 9; *see also* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Therefore, the remaining issue is whether the agency's wrongful actions deprived the appellant of that choice.

In that regard, the administrative judge found that the agency did not act improperly in denying the appellant's request to return to duty. ID at 7-14. Specifically, he found that the agency was not obligated to return the appellant to duty under the Rehabilitation Act of 1973 because he was not a "qualified" individual with a disability, i.e., he was unable to perform the essential functions of a Mail Processing Clerk or of any vacant funded position with or without reasonable accommodation. ID at 7-10. The appellant has not directly challenged this finding on review, and we find that the administrative judge's analysis was correct and consistent with Board precedent on this issue. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29 (finding that an agency does not violate the Rehabilitation Act when an employee is unable to perform the essential functions of a position that he holds or desires with or without reasonable accommodation).

The administrative judge also considered whether the agency might have been obligated to provide the appellant with light duty under a local memorandum of understanding. Even if an employee is not a qualified disabled individual under the Rehabilitation Act, an agency may be required by policy, regulation, or contractual provision to attempt to find him work within his medical restrictions, regardless of whether that work comprises the essential functions of a vacant funded position. *Cf. Marino v. Office of Personnel Management*, 243 F.3d 1375, 1377 (Fed. Cir. 2001) (finding that permanent assignment to light duties is not an accommodation allowing an employee to perform the essential functions of a position). If an agency fails to meet its obligations to an employee in this regard, the employee's continued absence for more than 14 days constitutes an appealable constructive suspension. *Dones v. U.S. Postal Service*, 107 M.S.P.R. 235, ¶ 11 (2007).

In this case, the administrative judge found that the agency's failure to offer the appellant light duty work did not violate the memorandum of understanding because there was no light duty work available within his medical

restrictions during the relevant time period. ID at-10-14. On review, the appellant argues that "[t]he Agency did not follow the agreement between the union by refusing to provide the Appellant light duty work assignment." PFR File, Tab 1 at 6. However, we find that this argument constitutes mere disagreement with the administrative judge's thorough and well-reasoned findings on this issue. ID at 10-14; *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

The appellant states that he has attached to his petition for review a copy of Article 13 of the Collective Bargaining Agreement between the American Postal Workers Union and U.S. Postal Service. PFR File, Tab 6 at 7. As the administrative judge correctly found, this document was not contained in the record below. ID at 10 n.5.

Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). In this case, Article 13 of the National Agreement was clearly available prior to the close of the record below, and the appellant has not explained why he failed to submit it at that time. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 19 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Moreover, we note that the appellant has not actually included a copy of Article 13 with his petition for review, and having located and reviewed what appear to be the relevant provisions at the American Postal Workers Union website, it does not appear to us that they would be material to the outcome of the appeal. *See* Collective Bargaining Agreement between American Postal Workers Union, AFL CIO and the U.S. Postal Service, Art. 13, *available at* https://d1ocufyfjsc14h.cloudfront.net/sites/default/files/2018-2021-apwu-usps-cba-online_1.pdf; *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349

(1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

On petition for review, the appellant argues that he was able to perform duties at the agency in accordance with *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), *overruled by Cronin v. U.S. Postal Service*, 2022 MSPB 13. PFR File, Tab 1 at 6. However, the appellant does not explain his theory of how *Latham* applies to this case, and we conclude that it does not. *Latham* pertains to the provision of limited duty work to compensably injured employees – not the provision of light duty work to employees with non-compensable conditions like the appellant. 117 M.S.P.R. 400, ¶ 9.

The appellant also clarifies that the period of his claimed constructive suspension began in September 2019. PFR File, Tab 1 at 7. However, having reviewed the initial decision, we find that the administrative judge appropriately considered the viability of a potential constructive suspension claim for the appellant throughout the time period at issue, including the time period beginning in September 2019. ID at 4-14. The appellant states that his work restrictions changed in March 2020, thereby allowing him "to work in areas at the agency in accordance to the Collective Bargaining Agreement and Local Memorandum of Understanding." PFR File, Tab 1 at 7. However, the appellant's assertions are unsupported by any evidence. The most recent medical documentation in the record is dated February 10, 2020, IAF, Tab 4 at 30, and to the extent that the appellant's medical restrictions have been updated since that time, he has not provided any evidence of his new restrictions to the Board. Furthermore, even assuming that the appellant's work restrictions changed in March 2020, there is no evidence that his new restrictions were compatible with any available work assignments.

The appellant further argues that the agency did not allow him "to use [accumulated annual leave] from January 2020 until his leave was exhausted."

PFR File, Tab 1 at 7. However, the administrative judge already addressed this issue, finding no evidence that the appellant ever objected to being placed in leave without pay status in lieu of paid leave, and in any event, the appellant's accumulated leave during the relevant time period fell under the greater than 14-day threshold for a suspension appeal within the Board's chapter 75 jurisdiction. ID at 14; IAF, Tab 5 at 25-47; *see* 5 U.S.C. § 7512(2) (stating that subchapter II of 5 U.S.C. chapter 75 covers "suspensions of more than 14 days"); *Bishop v. Department of Commerce*, 62 M.S.P.R. 138, 142 (1994) ("Voluntary placement on leave without pay status does not constitute a suspension that could provide a basis for jurisdiction."). The appellant's argument constitutes mere disagreement with the initial decision. *See Weaver*, 2 M.S.P.R. at 133-34.

Finally, the appellant has attached a copy of 5 C.F.R. part 1201 as well as excerpts from several precedential Board decisions, asserting that the administrative judge failed to apply these correctly to the facts of his case. PFR File, Tab 1 at 7, 11-18. However, the appellant does not describe how the administrative judge erred in applying the law to the facts of his case, and we are unable to identify any error based on the information that the appellant has provided in his petition. A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record, and we find that the petition in this case fails to meet that standard. *See Simpkins v. Department of Labor*, 107 M.S.P.R. 651, ¶ 9 (2008).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.